(52 App. Div. 126.)

### TAYLOR v. BOWEN.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

1. INSURANCE—PRINCIPAL AND AGENT — AGENT'S AUTHORITY — FINDING — EVIDENCE.
   After the assets of an ice company were placed in the hands of a receiver, by reason of which insurance policies on the plant became void, an attorney for the receiver testified, in an action against the agent who had previously obtained the policies, that he had employed the agent to transfer the same to the receiver, but letters which passed between the attorney and the agent did not bear out the truth of such testimony, and no negotiations were made with the insurance companies with reference to such transfer, and the agent testified that his employment was simply to look after the policies so as to keep the property insured until after the sale. *Held*, that a finding that the agent was employed to transfer the policies was against the weight of the evidence.

2. SAME—PLEADING—CONVERSION—FINDING—EVIDENCE.
   Where a complaint in an action by a receiver of an ice company against an agent who had procured insurance policies for the company before the receivership, which became void by reason thereof, alleged that such agent "did collect and receive unlawfully and wrongfully and illegally apply all moneys belonging to the plaintiff for rebates on said policies to his own use." a finding that the agent had converted the old policies was erroneous, since the action was not for conversion of the policies, but for conversion of the rebates.

3. SAME—REBATE—PREMIUMS—CONVERSION.
   Where an insurance agent for several years had furnished insurance for an ice corporation, which subsequently went into the hands of a receiver, by reason of which the policies became void, and on the receiver directing the agent to keep the property insured he canceled the old policies, charging the insurance companies with the amount of the rebates, and procured new policies, crediting the companies with the premiums thereon, and no money passed into his hands from the companies under the transaction, he was not liable for a conversion of such rebates in an action by the receiver of the corporation thereon, where he held the old policies to secure the amount of premiums theretofore advanced by him for the corporation, which had not been paid.

Appeal from special term, Erie county.

Action by William P. Taylor, receiver of the Buffalo Ice Company, against Jesse C. Bowen, for conversion of rebates on void insurance policies. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ.

George Clinton, for appellant.

J. H. Metcalf, for respondent.

WILLIAMS, J. The action was brought originally in the municipal court of the city of Buffalo, and after a trial in that court an appeal was taken to the supreme court, where the trial was had which is here for review. The complaint, as printed in the record, does not very clearly indicate whether the action was designed to be one on contract or in tort. It was conceded on the last trial, however, that the case was tried in the municipal court as an action for conversion, and that some amendment of the complaint was made in that court which did not appear in the record returned from that court to the supreme court. After considerable talk between the trial justice and counsel on the last trial, the plaintiff was permitted to amend his complaint again, and the action was conceded to be for conversion, and not upon contract, and the trial was had and the decision was made upon this theory, and under the complaint as amended. The plaintiff is the receiver of the Buffalo Ice Company. He was appointed at first as temporary receiver on the 22d day of December, 1897, in proceedings commenced for the voluntary dissolution of the company. On the 5th day of May, 1898, the company was dissolved, and the plaintiff was appointed permanent receiver. The company, before the commencement of the proceedings for its dissolution, had dealings with the defendant, who was an insurance agent and broker. The defendant procured insurance policies for the company upon its property, and gave the company more or less credit for the premiums upon such policies, which defendant advanced or became liable to the insurance companies for, and sometimes took the ice company's notes for such premiums. On the 22d day of December, 1897, when proceedings for dissolution were begun, and the plaintiff was appointed temporary receiver, there were a large number of insurance policies existing covering the ice company's property, and which defendant had procured from various insurance companies for the ice company, and at that time the ice company was indebted to the defendant for premiums upon such policies in the sum of $687.13, for a part of which the ice company had given defendant notes, which had gone to protest, and which the defendant had been compelled to and had paid and taken up. All these outstanding policies upon the ice company's property were, we assume, upon the standard blank, and therefore, we may take judicial notice, had the following clauses therein:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if any change other than by the death of an insured take place in the interest, title, or possession of the subject of insurance, * * * whether by legal process or judgment or by

voluntary act of the insured or otherwise. * * * This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unclaimed portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate, except that where this policy is canceled by this company by giving notice it shall retain only the pro rata premium."

It will be seen that under these conditions the policies all became void upon the appointment of plaintiff as temporary receiver, and his taking possession of the property, subject to the companies agreeing, if they were so disposed, by a writing indorsed upon or added to the policies, to continue the policies for the benefit of the receiver. All parties must have understood this condition of things, and, so understanding, the receiver's attorney called upon the defendant, and employed him to look after the policies, so as to keep the property covered by insurance until a sale of the property could be made by the receiver. There was dispute upon the trial as to the particular nature of the employment, and instructions given the defendant by the receiver's attorney. The attorney testified that defendant was directed to have all the policies transferred to the receiver. The defendant denied this, and the letters which passed between the parties corroborated the defendant, and contradicted the attorney. The court left this question to the jury, and they found with the attorney, but it would seem that this finding was against the weight of the evidence, and should not have been made by the jury or adopted by the court. The defendant was employed as the broker and agent of the receiver. As to some of the policies he was agent of the companies when the policies were issued; as to others he had no relations with the companies at all. But, whether agent for the companies or not, he could not, after accepting employment from the receiver, assume to act for the companies in transferring these void policies, without authority from the companies themselves. There was a moral hazard attached to the risks by reason of the ice company's going into the receiver's hands that might well lead the companies to investigate before they agreed to a continuance of the policies, which they might regard as void, and at an end, by reason of the appointment of the receiver, and his taking possession of the property. So that the defendant could not undertake absolutely to transfer or have transferred a single one of the policies. He had to negotiate with the companies, and find out what they would do. Under these circumstances, and in view of the letters passing between the parties, which could not well be changed, the evidence of the attorney should not have been credited. There was every reason to believe that the defendant's evidence, supported by the letters, and in view of the surrounding circumstances, was nearer the truth. Naturally, the defendant would have been given a discretion as to whether he should retain the old or secure new policies, the main object being to keep the property insured in some way until the sale thereof could be made. And yet the court found as matter of law that the defendant, having been directed to have the policies transferred to the receiver, and having caused them to be canceled, and

new policies issued, did thereby unlawfully appropriate and convert to his own use the old insurance policies. We think this finding cannot be sustained. The complaint charged no such thing as the conversion of the policies. The charge was the conversion of money,—the unearned premiums. The policies were void. As between the company and the receiver, these unearned premiums belonged to the receiver, and, unless the policies were continued, and transferred to the receiver, the companies were liable to the receiver for such premiums. The policies were not converted by the defendant. The companies did not continue them, but elected to regard them as void, and the unearned premiums as belonging to the receiver. If the defendant was guilty of any wrong at all, it was not of a conversion of the policies, but of a failure to obey the directions of the receiver's attorney, for which he might be liable for damages if the receiver suffered any. It does not appear, however, that the receiver suffered any damages by reason merely of the old policies being canceled or regarded as void, and new ones being issued. The real injury suffered by the receiver, if any, was in his failing to get the unearned premiums either in cash or by credit upon the premiums under the new policies. This is what the receiver, by his complaint, was prosecuting his action for. The language of the amendment to his complaint was, "And without right or the knowledge or consent of the plaintiff did collect and receive unlawfully and wrongfully and illegally apply all the moneys belonging to the plaintiff, as such temporary receiver, for rebates upon said policies, to his own use and benefit." This was the issue being tried,—conversion of moneys, rebates on the old policies, alleged to have been collected and received by defendant, and appropriated to his own use. The court did not find that the defendant had collected or received the money the rebates on the policies. Such finding could not be made, because it was not true. The unearned premiums were $461.96. The defendant received but a very small part of this amount. It could not be found that he received the full amount. What he did as to the balance was to charge the companies with the amount, and credit them with the premiums upon the new policies. In this way it was said he had the benefit of the unearned premiums, though he did not receive the money. This was bookkeeping between him and the companies. Then, as between himself and the receiver, he claimed he had a lien upon the old policies for the amount of premiums, owing by the ice company to him before it went into the hands of the receiver, being the sum of $687.13, and that he had a right to apply the unearned premiums on those policies ($461.96) upon this old indebtedness, and he presented a bill for the premiums upon the new policies to the receiver's attorney ($1,015.50), and said they must be paid, or the policies would become void. An arrangement was made between the defendant and the receiver's attorney to carry the new policies for one month of the year. The attorney paid $84.62 for such insurance, and during the month the sale was made of the property, and it passed into other hands. This action was brought to recover the unearned premiums from the defendant. Upon this condition of the case the court did not find that the defendant had collected, re-

ceived, and converted the moneys, the unearned premiums, but, besides finding the conversion of the old insurance policies, the court also found that the defendant converted the cash or surrender value of the old policies which he received, or which he had credit for or received the benefit of, and that he thereby became liable to the plaintiff, as receiver, for the damages sustained by such conversion, which were the cash or surrendered value of said policies, $461.96. It will be seen, therefore, that, the complaint charging the conversion of moneys collected and received by the defendant belonging to plaintiff, the unearned premiums, the finding is, conversion of policies, and the cash surrender value thereof,—no money whatever. Such a finding cannot be supported under the complaint, nor can there be, on the facts, a finding of conversion of the policies, and there was no value in them any way; and I do not see how there could be a conversion of a cash or surrender value of the policies. Such a thing is not susceptible of conversion. The various companies are liable to the plaintiff for the amount of the unearned premiums upon the old policies. It does not appear they ever paid the cash therefor to the defendant, except in a few cases. They merely gave him credit therefor on account. This did not operate as payment, so as to constitute any defense by the insurance companies to actions brought by the plaintiff for the unearned premiums. No recovery can be had in this form of action against the defendant for the unearned premiums not actually paid over by the companies to the defendant.

We do not regard it as necessary to pass upon the question whether the defendant's lien upon the old policies was restored by the delivery thereof by the receiver's attorney to the defendant. The decision of the trial court was erroneous for the reasons hereinbefore stated; and the judgment entered thereon should be reversed, and a new trial ordered, with costs of appeal to the appellant to abide event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event. All concur.